**Mario Alberto DIAZ–ESTRADA and Dilcia Elizabeth Tomasino–Jimenez, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 10–71279.**

United States Court of Appeals, Ninth Circuit.

ed by 9th Cir. R. 36–3.

**700**

Submitted March 8, 2011.*

Filed March 28, 2011.

Yevgeniy Chechenin, San Mateo, CA, for Petitioners.

Jem C. Sponzo, Esquire, DOJ—U.S. Department of Justice Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FARRIS, LEAVY and BYBEE, Circuit Judges.

## MEMORANDUM **

Petitioners Mario Alberto Diaz–Estrada and Dilcia Elizabeth Tomasino–Jimenez, husband and wife and natives and citizens of El Salvador, petition for review of a Board of Immigration Appeals streamlined order affirming an immigration judge's (IJ) decision denying their application for asylum, withholding of removal and protection under the Convention Against Torture (CAT). Our jurisdiction is governed by 8 U.S.C. § 1252. We deny in part and dismiss in part the petition for review.

Substantial evidence supports the IJ's denial of asylum and withholding of removal because Diaz–Estrada failed to show his alleged persecutors threatened him on account of a protected ground. His fear of future persecution based on an actual or imputed anti-gang or anti-crime opinion is not on account of the protected ground of either membership in a particular social group or political opinion. *Ramos Barrios v. Holder,* 581 F.3d 849, 854–56 (9th Cir. 2009); *Santos–Lemus v. Mukasey,* 542 F.3d 738, 745–46 (9th Cir.2008). Moreover, being a victim of criminal gang activity is not a protected ground. *See Ochave v. INS,* 254 F.3d 859, 865 (9th Cir.2001) ("Asylum generally is not available to victims of civil strife, unless they are singled out on account of a protected ground.") We decline to address petitioners' unexhausted contention that gang members targeted Diaz–Estrada for persecution on account of his membership in a family social group. *Ontiveros–Lopez v. INS,* 213 F.3d 1121, 1124 (9th Cir.2000) (declining to consider a claim that Board did not have first opportunity to consider).

Because petitioners have not "specifically and distinctly argued and raised" the issue of CAT relief, they have waived that claim. *Castro–Perez v. Gonzales,* 409 F.3d 1069, 1072 (9th Cir.2005).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.